# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Jenni, | Case No. 20-cv-2107 (ECT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Justin Goldstein and Able Roofing, LLC, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Mark Jenni's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff Mark Jenni alleges that Defendant Justin Goldstein and the Defendant's company, Able Roofing, LLC, defrauded him of $340,000 after Defendants agreed to make repairs following a house fire. Plaintiff did not pay the filing fee for this action; instead, Plaintiff now seeks permission to proceed in forma pauperis (hereinafter "IFP").

Before the Court may consider Plaintiff's IFP application, the Court must consider the threshold issue of subject matter jurisdiction. A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because it is clear from the Complaint that the Court lacks subject matter jurisdiction over this matter, it is recommended that this action be **DISMISSED without prejudice** for a lack of subject matter jurisdiction.

In his Complaint, Plaintiff checked a box labeled "Federal Question" when prompted to state the basis for the Court's subject matter jurisdiction. (Compl., [Docket No. 1], at 3). Plaintiff has not, however, referenced a specific federal constitutional, statutory, or treaty provision at issue in this litigation, and no federal cause of action appears to apply to the events at issue in this matter. (See, Id.). Thus, 28 U.S.C. § 1331 cannot provide a basis for this Court's subject matter jurisdiction in the present case.

Although the Complaint does not include a great deal of detail, it seems that Plaintiff believes that the actions of the Defendants amounted to either fraud or a breach of contract. (See, Id. at 4). Each of these causes of action, however, arises under state law, not federal law.

The Court has original jurisdiction over state law causes of action only if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. See, 28 U.S.C. § 1332(a). This lawsuit meets the latter condition—Plaintiff seeks $340,000 in compensation for his alleged injuries—but not the former condition. According to the Complaint, both Plaintiff and Defendant Goldstein are citizens of Minnesota. (See, Compl., [Docket No. 1], at 3).[1] Accordingly, § 1332(a) cannot provide a basis for the Court's subject matter jurisdiction. By all indications, this lawsuit belongs in state court, not federal court.

Without the requisite subject matter jurisdiction to adjudicate the claims in the present Complaint, this Court cannot proceed. Accordingly, it is recommended that this matter be **DISMISSED without prejudice** for lack of jurisdiction. Further, based on this recommendation of dismissal, it is further recommended that Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.

---

[1] Although Plaintiff does not provide information regarding the state of citizenship of Defendant Able Roofing LLC for the purposes of determining diversity of citizenship, Plaintiff indicates that Defendant Able Roofing LLC's address is located in Park Rapids, Minnesota, and in the portion of the Complaint seeking the basis for venue in this District, Plaintiff indicated that "Defendant(s) reside in Minnesota." (Compl., [Docket No. 1], at 3).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.

Dated: December 14, 2020          s/Leo I. Brisbois
                                  Hon. Leo I. Brisbois
                                  United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).